UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LAMONT HEARD,

        Plaintiff,

                              Case No. 1:24-cv-5

v.

                              Hon. Hala Y. Jarbou

ADRIAN DIRSCHELL, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has sought leave to proceed *in forma pauperis*. (ECF No. 2.) The Court will grant Plaintiff's motion because it reasonably appears that paying the cost of the filing fee in one lump sum would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, the following: Plaintiff's official capacity claims for damages; Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection claims against Defendants Bush and Willis in their individual

capacities; all claims related to Plaintiff's unanswered requests and grievances, including Plaintiff's Fourteenth Amendment due process claims and any claim for denial of Plaintiff's right to petition the government or for access to the courts; and any claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) other than Plaintiff's RLUIPA claims against Defendants in their official capacities for injunctive relief. Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection claims against Defendant Dirschell in Dirschell's individual capacity and against all Defendants in their official capacities for injunctive relief remain, as does Plaintiff's RLUIPA claim against Defendants in their official capacities for injunctive relief.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Special Activity Coordinator Adrian Dirschell, MDOC Deputy Director Jeremy Bush, and MDOC Deputy Director Willis Chapman, in their individual and official capacities.

Plaintiff is a practicing Muslim whose religion mandates that he fast during the month of Ramadan. (ECF No. 1, PageID.3.) Plaintiff alleges that the MDOC provides Muslim prisoners seeking to fast during Ramadan with a "religious menu," but "burdens and infringes" on the Muslim practice by "intentionally placing food items on the Ramadan menu that they know Muslims are prohibited under Islamic law to eat, such as soy, grits and all beans except the navy beans." (*Id.*)

Pursuant to MDOC policy, Plaintiff submitted a request to non-party LCF Chaplain Hollingworth, asking that the MDOC remove the prohibited food items from the Ramadan menu.

2

(*Id.*) Chaplain Hollingworth notified Plaintiff that he sent Plaintiff's request to Defendant Dirschell; however, Plaintiff never received a response regarding his request. (*Id.*, PageID.3–4.) The prohibited food items remain on the Ramadan menu. (*Id.*, PageID.4.) Plaintiff alleges that, either Defendant Dirschell ignored Plaintiff's request, or Defendants Bush and Willis received a recommendation from Defendant Dirschell and failed to make a final decision, amounting to a denial of Plaintiff's request. (*Id.*)

Plaintiff alleges that allowing prohibited food items to remain on the Ramadan menu has "discourage[d] plaintiff['s] participation in [the] MDOC Ramadan meal program, cause[d] plaintiff heart ache, and cause[d] plaintiff to supplement his diet with unhealthy food items . . . ." (*Id.*)

Plaintiff brings claims for violation of his First and Fourteenth Amendment rights, as well as for violation of RLUIPA. (*Id.*, PageID.1.) Plaintiff seeks monetary damages and injunctive relief. (*Id.*, PageID.1, 7.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility

3

standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).

### A. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff raises three § 1983 claims: (1) violation of Plaintiff's First Amendment right to the free exercise of religion; (2) violation of Plaintiff's right to equal protection; and (3) violation of Plaintiff's right to due process. (ECF No. 1, PageID.1.)

#### 1. Official Capacity Claims

As an initial matter, Plaintiff brings claims against Defendants in both their individual and official capacities. Ordinarily, a suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity, in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived

4

immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, any claims by Plaintiff against Defendants in their official capacities for money damages will be dismissed.

Nevertheless, an official-capacity action seeking prospective injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (discussing that Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). As the Supreme Court has recognized, a suit under *Ex Parte Young* for prospective injunctive relief is not treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.* Accordingly, Plaintiff's claims against Defendants in their official capacities for injunctive relief only may not be dismissed on grounds of immunity but will be addressed on the merits below.

### 2. First Amendment Free Exercise Claims

The Free Exercise Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I. To establish that this right has been violated, Plaintiff must plead facts to plausibly suggest (1) that the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) that Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v.*

5

*Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

Here, Plaintiff alleges that his First Amendment right to the free exercise of his religion was and is being violated because Defendants include prohibited foods on the Ramadan menu and, therefore, do not provide Plaintiff with adequate Ramadan meals. (ECF No. 1, PageID.3.) Plaintiff's complaint plausibly suggests that his observance of Ramadan is both religious and sincerely held. Because Plaintiff names Defendants in their individual capacities and, as discussed above, also brings a claim for injunctive relief against Defendants in their official capacities, whether the behavior of each Defendant has infringed upon Plaintiff's beliefs will be discussed in turn.

### a. **Individual Capacity Claim Against Defendant Dirschell**

Plaintiff alleges that he requested that the MDOC remove prohibited food items from the Ramadan menu and that Defendant Dirschell received that request, but nothing changed. (ECF No. 1, PageID.3–4.) Plaintiff further alleges that Defendant Dirschell is responsible for reviewing requests to religious accommodations, making a recommendation, and forwarding his recommendation to the Deputy Director of the MDOC. (*Id.*, PageID.2.) At this stage of the proceedings, taking Plaintiff's allegations as true, the Court will not dismiss Plaintiff's First Amendment free exercise claim against Defendant Dirschell in Dirschell's individual capacity.

### b. **Individual Capacity Claims Against Defendants Bush and Willis**

Plaintiff speculates that, because he did not receive a response from Defendant Dirschell, either Defendant Dirschell ignored Plaintiff's request, or Defendants Bush and Willis received a recommendation from Defendant Dirschell and failed to make a final decision. (*Id.*, PageID.3.)

Notably absent from Plaintiff's complaint are any factual allegations underlying Plaintiff's speculation that Defendants Bush and Willis ever became aware of Plaintiff's request.

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). That is, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. Where a person is named as a defendant without an allegation of specific conduct, the claim is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff's conclusory allegations that Defendants Bush and Willis *could have* received a recommendation from Defendant Dirschell and *could have* failed to make a decision are simply too vague to plausibly suggest that each Defendant personally violated Plaintiff's constitutional rights. Plaintiff instead appears to ask this Court to fabricate plausibility to his claims from mere ambiguity; however, ambiguity does not support a claim. It is Plaintiff's obligation at this stage in the proceedings to plead enough factual content to permit the Court to draw a reasonable inference that Defendants violated Plaintiff's right to free exercise. *See Iqbal*, 556 U.S. at 679. Plaintiff has not met his initial burden. Therefore, his First Amendment claims against Defendants Bush and Willis in their individual capacities will be dismissed.

### c. Official Capacity Claims for Injunctive Relief

Plaintiff also seeks injunctive relief that is prospective. Specifically, he seeks an order directing the MDOC to remove prohibited food items from the Ramadan menu. Defendants Dirschell, Bush, and Willis are all employed by the MDOC, and they are responsible for reviewing requests for religious accommodations. (ECF No. 1, PageID.2.) Plaintiff alleges that Defendant Dirschell is responsible for making recommendations on those requests, and Defendants Bush and Willis are responsible for approving or denying the same. (*Id.*, PageID.2–3.) Therefore, all three Defendants would have direct involvement in any changes to the MDOC's Ramadan menu. At this stage of the proceedings, Plaintiff, therefore, may maintain his First Amendment free exercise claims for injunctive relief against Defendants Dirschell, Bush, and Willis in their official capacities.

### 3. Fourteenth Amendment Equal Protection

The Fourteenth Amendment Equal Protection Clause provides that states may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The threshold element of an equal protection claim is disparate treatment." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Discriminatory intent or purpose is also required, but "an invidious purpose may be inferred" where a classification "impinge[s] upon the exercise of a fundamental right." *Koger v. Mohr*, 964 F.3d 532, 544–45 (6th Cir. 2020) (quoting *Maye v. Klee*, 915 F.3d 1076, 1085–86 (6th Cir. 2019)).

Here, Plaintiff alleges that Defendants discriminate against Muslims in offering prohibited foods on the Ramadan menu while accommodating those of the Jewish faith by offering appropriate food items to "accommodate the Judaic faith holiday regimen." (ECF No. 1, PageID.5.)

8

As discussed above, Plaintiff fails to allege facts that would plausibly suggest that Defendants Bush and Willis were personally involved in the decision to deny Plaintiff an appropriate Ramadan diet. Therefore, his equal protection claims against them will be dismissed.

However, as also discussed above, Plaintiff sufficiently alleges personal involvement on the part of Defendant Dirschell in Dirschell's individual capacity and against all Defendants in their official capacities for injunctive relief. And because Plaintiff alleges a facially discriminatory distinction in treatment between members of different faiths, this case is governed by *Maye v. Klee*, 915 F.3d 1076 (6th Cir. 2019), *Koger v. Mohr*, 964 F.3d 532 (6th Cir. 2020), and *Heyward v. Cooper*, 88 F.4th 648, 661–62 (6th Cir. 2023).

In *Maye*, *Koger*, and *Heyward*, the Sixth Circuit considered claims by Muslim inmates that MDOC officials treated them differently in denying them aspects of their religious practices and diets afforded to other religious groups. In each case, the Sixth Circuit held that the court would infer an invidious purpose from a facially discriminatory distinction between religious groups that burdens the plaintiff's fundamental right to religious freedom, allowing the plaintiffs to proceed with their equal protection claims. *Heyward*, 88 F.4th at 661–62; *Koger*, 964 F.3d at 544–45; *Maye v. Klee*, 915 F.3d at 1086. As in *Maye*, *Koger*, and *Heyward*, Plaintiff has sufficiently alleged that Defendant Dirschell in Dirschell's individual capacity and all Defendants in their official capacities have deprived Plaintiff of his right to equal protection under the law. His claims against them will not be dismissed at this time.

### 4.     Claims Regarding Unanswered Requests

Plaintiff alleges that Defendants have violated Plaintiff's right to due process by refusing to answer Plaintiff's request that the MDOC remove prohibited food from the Ramadan menu. (ECF No. 1, PageID.6.)

9

First, Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Moreover, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct in failing to respond to Plaintiff's kites or grievances did not deprive Plaintiff of procedural due process in violation of the Fourteenth Amendment.

Second, any failure to respond to Plaintiff's kites did not violate Plaintiff's First Amendment right to petition the government. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Third, Defendant's actions (or inactions) have not barred Plaintiff from seeking a remedy for his complaints. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several

10

ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been prevented from voicing his complaints through the procedures set by the MDOC, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by the same. Plaintiff therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977).

In light of the foregoing, the Court finds that Plaintiff has failed to state a cognizable claim based upon a failure to respond to Plaintiff's requests that the MDOC remove the prohibited food items.

### B. RLUIPA Claim

Akin to Plaintiff's First Amendment claim, Plaintiff also claims that Defendants violated RLUIPA in burdening Plaintiff's religious practice of fasting during Ramadan. (ECF No. 1, PageID.6.)

RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). RLUIPA does not define the phrase "substantial burden." The Sixth Circuit, however, has concluded that the phrase "has the same meaning under RLUIPA as provided by the Supreme Court in its 'free exercise' decisions." *Mitchell v. Schroeder*, 2022 WL 263212 at *4–5 (W.D. Mich. Jan. 28, 2022) (citations omitted). Accordingly, a burden is substantial "where it forces an individual to choose between the tenets of

11

his religion and foregoing governmental benefits or places substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at *5 (citations omitted). Likewise, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise." *Ibid.* (citations omitted). Taking Plaintiff's allegations as true, Plaintiff has alleged sufficient facts to state a RLUIPA claim.

As an initial matter, RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd Sossamon v. Texas*, 563 U.S. 277 (2011);[1] *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[2]

Furthermore, RLUIPA does not permit damages claims against prison officials in their official capacities. *See Sossamon*, 563 U.S. 277; *see also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Instead, under RLUIPA, Plaintiff can only obtain injunctive relief. *See Mitchell*, 2022 WL 263212, at *8–9. Plaintiff seeks injunctive relief in this case; specifically, he asks that the

---

[1] The United States Supreme Court granted certiorari only on the question of "[w]hether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

[2] In *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id*. at 567–69. The Sixth Circuit stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

Court order the MDOC to "supplement the prohibited food items on the Ramadan menu with permissible food items for plaintiff to consume during Ramadan." (ECF No. 1, PageID.7.) As discussed above, all three Defendants would have direct involvement in any changes to the MDOC's Ramadan menu. (*Id.*, PageID.2–3.) Accordingly, the Court will allow Plaintiff to proceed with his claims for injunctive relief against Defendants Dirschell, Bush, and Willis in their official capacities. Any other RLUIPA claims, to the extent pled, will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the following claims within Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c): Plaintiff's official capacity claims for damages; Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection claims against Defendants Bush and Willis in their individual capacities; Plaintiff's Fourteenth Amendment due process claims and any claim for denial of Plaintiff's right to petition the government or for access to the courts related to Plaintiff's unanswered requests; and any claim under RLUIPA other than Plaintiff's RLUIPA claims against Defendants in their official capacity for injunctive relief. Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection claims against Defendant Dirschell in Dirschell's individual capacity and against all Defendants in their official capacities for injunctive relief remain, as does Plaintiff's RLUIPA claim against Defendants in their official capacities for injunctive relief.

An order consistent with this opinion will be entered.

Dated: April 30, 2024                              /s/ Hala Y. Jarbou  
                                                    HALA Y. JARBOU  
                                                    CHIEF UNITED STATES DISTRICT JUDGE

13