UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

      Plaintiff,

                                    Case No. 1:24-cv-5

v.

                                    Hon. Hala Y. Jarbou

ADRIAN DIRSCHELL, et al.,

      Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

Lamont Heard is suing three Michigan Department of Corrections (MDOC) officials for allegedly infringing on his religious freedom by failing to modify the meals offered at the state's Lakeland Correctional Facility during the month of Ramadan to comply with the dietary rules of the Nation of Islam (NOI).  The magistrate judge issued a report and recommendation that summary judgment be granted to Defendants on all of Heard's claims, save the one accusing defendant Adrian Dirschell of denying Heard due process by not addressing his accommodation requests from 2020 to 2024.  (R&R, ECF No. 39.)  Both Heard and Defendants filed objections to the R&R.  (*See* Defs.' Objs., ECF No. 85; Pl.'s Objs., ECF No. 88.)  Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  Heard's objections are mostly unpersuasive, but Defendants' objection is meritorious.  The R&R will therefore be adopted in part and rejected in part, and Defendants' summary judgment motion will be granted in full.

The factual setting of this case and the standards for granting a motion for summary judgment are set out in detail in the R&R, so there is no need to duplicate that summation here. The Court proceeds directly to considering the parties' objections to the R&R.

## A.    Heard's Objections

### 1.    RLUIPA and Free Exercise Claims

Heard's primary claim arises under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1.  Heard also brings a cognate claim under the Free Exercise Clause of the First Amendment.  Under either source of federal law, a religious-liberty claimant must show that a sincerely held religious belief or practice was substantially burdened to trigger the government's obligation to show that the burden was justified.  *See Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 460–61 (6th Cir. 2019) (free exercise); *Haight v. Thompson*, 763 F.3d 554, 559–60 (6th Cir. 2014) (RLUIPA); *see also Jones v. Slade*, 23 F.4th 1124, 1144 (9th Cir. 2022) (noting that government carries burden of showing that impingement on religious liberty is "reasonably related to legitimate penological interests" (quoting *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015)).  Because Heard's religious practice was not substantially burdened by Defendants' refusal to institute an alternative meal for NOI prisoners during Ramadan, his religious-freedom claims fail.

Heard objects that the R&R erred in not recognizing that the MDOC's practice of offering religiously prohibited foodstuffs to NOI prisoners participating in the Ramadan fast constituted a substantial burden on their religious practice.  Unless Heard is contending that being offered unpermitted foods itself imposes a substantial burden on his practice—a position for which the Court can find no legal support—his objection must be to the conclusion that he would not be "underfed" by refusing to eat those foods.  (R&R 21.)  Heard's more specific objections go to exactly this point: he argues the R&R impermissibly inferred from his commissary purchases in

2020 and 2021 that he had the funds to supplement his MDOC-provided meals in subsequent years, and he denies that the snacks available through the commissary are sufficient to provide adequate nutrition for a month.  (Pl.'s Objs. 4–5.)

Heard's first objection fails because the onus was on him, as the party resisting summary judgment, to "present evidence of a substantial burden."  *Green v. Tudor*, 685 F. Supp. 2d 678, 703 (W.D. Mich. 2010).  Some courts of appeals have held that forcing an indigent prisoner to buy their own food in order to abide by their religion's dietary restrictions imposes a substantial burden on the prisoner's religious practice, and the Sixth Circuit has suggested the same in dicta.  *See Ackerman v. Washington*, 16 F.4th 170, 187 (6th Cir. 2021) (citing *Jones v. Carter*, 915 F.3d 1147, 1150–51 (7th Cir. 2019)); *accord Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1317 (10th Cir. 2010) ("[A]ny ability to purchase is chimerical where a plaintiff is indigent . . . .").  But while Heard is proceeding in forma pauperis in this action, the Court cannot assume based on that fact alone that he cannot afford to buy foods consistent with NOI teachings from the prison commissary.  *But cf. Basra v. Morgan*, No. 3:16-cv-6005, 2017 WL 6767394, at *7 (W.D. Wash. Nov. 1, 2017) (finding that in forma pauperis prisoner-plaintiff with average monthly deposit of $9.63 would be substantially burdened by supplementing daily meals with purchased dairy), *adopted*, 2018 WL 278649 (W.D. Wash. Jan. 3, 2018).  Because Heard did not "present affirmative evidence" of his financial resources, or of the availability and cost of NOI-permitted foodstuffs at the commissary, *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *see* Fed. R. Civ. P. 56(e) (summary judgment may be granted against party that "fails to properly address another party's assertion of fact"), the Court cannot determine whether supplementing the MDOC's Ramadan meals would impose serious economic hardship on him.  His first objection is therefore overruled.

Heard's second objection is equally deficient.  Heard submitted no evidence about the foodstuffs available to him through the commissary.  It is true that the bulk of the items Heard purchased in 2020 and 2021 were snacks and other junk food, but Heard also purchased vegetarian instant lunches periodically during those years.  (*See, e.g.*, ECF No. 45-15, PageID.315.)  Of course, it cannot be inferred from the items Heard chose to purchase that healthier and more nutritionally sound fare was unavailable through the commissary.  Because it was up to Heard to show that the existing Ramadan meal options substantially burdened his religious practice, his failure to present evidence of his inability to independently obtain food compliant with NOI dietary laws mandates granting summary judgment to the Defendants on his RLUIPA claim.  There was no error in the R&R reaching that conclusion.  The same conclusion necessarily disposes of Heard's free-exercise claim.[1]

### 2.    Equal Protection

Heard's final objection is that the R&R erred in proposing that summary judgment be granted on his equal-protection claim on account of Heard's failing to establish a genuine dispute over whether he was similarly situated to other religious groups who receive ceremonial foods on

---

[1] The Court grants Defendants summary judgment on Heard's free-exercise claim on this basis rather than the one adopted in the R&R, namely that Dirschell was not personally involved in denying Heard's requests for an alternative Ramadan meal.  (*See* R&R 12–13.)  Not only did that reason fail to explain why Heard was not entitled to injunctive relief against Dirschell and the other defendants in their official capacities, it placed Heard in a catch-22: this Court previously determined that Dirschell's supervisor, deputy director Jeremy Bush, was insufficiently involved in deciding on Heard's alternative-meal request to be sued in his individual capacity (*see* ECF No. 6 at 7), so adopting the magistrate judge's reasoning for dismissing Dirschell would effectively bar Heard from bringing an individual-capacity claim against the only two people who could have violated his free-exercise rights. *See Ali v. Adamson*, 132 F.4th 924, 930 (6th Cir. 2025) (explaining that special activities coordinators and deputy directors—like Dirschell and Bush—are responsible for alternative-menu requests).  Dirschell's own summary-judgment declaration suggests that he did not pass a recommendation along to Bush because he concluded that Heard's request did not meet "the requirements for consideration."  (Dirschell Decl. ¶ 25, ECF No. 41-5.)  And Defendants' summary judgment brief states that Dirschell, not Bush, "acted on Heard's requests for an alternative diet."  (MSJ Br. 21.)  Defendants may not rely on the opaque allocation of authority between Dirschell and Bush to foreclose Heard from bringing an individual-capacity claim against either of them.  Heard's objection to the R&R on this score is sustained.

occasions of religious significance.  According to Heard, three Sixth Circuit precedents mandate that his claim survive summary judgment.

The Court disagrees.  None of the cases Heard cites comes close to establishing that any failure to provide to one religious group what another receives is impermissible discrimination. *Maye v. Klee* involved an arbitrary prohibition on an NOI Muslim partaking of the Eid feast offered to the broader Muslim population.  915 F.3d 1076, 1085–86 (6th Cir. 2019).  The plaintiff was similarly situated to the non-NOI Muslims in all relevant respects; the only basis for the distinction was the plaintiff's belonging to a heterodox Islamic denomination.  *Koger v. Mohr* was a straightforward extension of *Maye* to prison regulations allowing Muslims but not Rastafarians to engage in religious fasts.  964 F.3d 532, 544–45 (6th Cir. 2020).  And *Heyward v. Cooper* merely held that a Muslim prisoner who alleged that Muslim observances during Ramadan were treated differently than Christian and Jewish observances during those religions' holidays stated a plausible claim for relief.  88 F.4th 648, 662 & n.8 (6th Cir. 2023).  None of these cases establishes that being denied dates or navy bean pies during Ramadan constitutes a denial of equal protection.

The reason why the MDOC can provide Jewish prisoners with cheesecake on Shavuot, *see Ackerman*, 16 F.4th at 183–84, but refrain from providing dates or navy bean pie to NOI prisoners during Ramadan is simple: Ramadan is a holy *month*, not a holy *day*.  Heard points to no equally long-lasting religious observance that the MDOC subsidizes by supplying traditional or ceremonial foods.  Heard's claim therefore fails at the threshold of every equal-protection challenge: the requirement that the claimant be treated differently than those similarly situated in every material respect other than possessing a characteristic that may not lawfully serve as a basis for governmental action.  *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011); *Robinson v. Jackson*, 615 F. App'x 310, 315 (6th Cir. 2015) (noting that plaintiff would

need to show that "Jewish and Muslim inmates are similarly[ ]situated *in context*" to succeed on his claim (emphasis added)). The R&R correctly determined that this failure mandated entering summary judgment for Defendants.  Heard's last objection is overruled.

## B.    Defendants' Objection

Finally, the Court turns to Defendants' sole objection to the R&R, which is that it erroneously proposes allowing Heard's due-process claim against Dirschell to get past summary judgment.  (Defs.' Objs. 1.)  The Court agrees that the magistrate judge's recommendation was erroneous, but not because Heard lacked a liberty interest in being provided adequate nutrition through foods compatible with his religious beliefs, as Defendants contend.  There can be no doubt that this right was guaranteed to Heard by the First Amendment and RLUIPA.  To find that Heard lacks a religious-liberty interest altogether because his First Amendment and RLUIPA claims fail would be to nullify the right that the Due Process Clauses guarantee—to a fair, neutral process before a person's liberty or property is infringed upon.

Nevertheless, because Heard's religious exercise was not substantially burdened by denial of his requests to modify MDOC's Ramadan menu, he suffered no deprivation of a constitutionally protected liberty interest.  That distinguishes this case from *Byrd v. Hass*, 17 F.4th 692 (6th Cir. 2021), on which both the R&R (R&R 15) and Heard (ECF No. 89 at 2) rely for the notion that the constructive denial of a request for a religious accommodation is independently actionable as a due-process violation.  That reads *Byrd* for more than it is worth: as the district court recognized on remand, the viability of the plaintiff's due-process claim hinged on the Sixth Circuit's determination that the plaintiff's religious liberties were in fact infringed upon.  *See Byrd v. Haas*, No. 2:17-cv-11427, 2022 WL 4471962, at *7 (E.D. Mich. Sep. 26, 2022).  The contrary conclusion with respect to the constructive denial of Heard's accommodation requests dictates dismissal of his due-process claim.  Defendants' objection is sustained, and the R&R is rejected on this issue.

6

### C.    Conclusion

Heard's efforts to secure an NOI-specific Ramadan meal option fail because he has not shown that his religious exercise was substantially burdened by being offered the same options as other participants in the Ramadan fast.  Now that the MDOC has clarified that Heard is not required to be on the vegan religious meal line to request a modification to the Ramadan menu (*see* ECF No. 67-2), it is for the department to determine in the first instance if Heard's renewed request (*see* ECF No. 83-1, PageID.689) points to a substantial burden on a sincere religious belief.

\*    \*    \*

**IT IS ORDERED** that the report and recommendation (ECF No. 39) is **ADOPTED** in part and **REJECTED** in part.

**IT IS FURTHER ORDERED** that Heard's objections to the R&R (ECF No. 88) are **SUSTAINED** in part and **OVERRULED** in part, and that Defendants' objection to the R&R (ECF No. 85) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 40) is **GRANTED** in full, and that Heard's motion for summary judgment (ECF No. 27) is **DENIED**.

A judgment consistent with this Order shall issue.

Dated: March 23, 2026                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE